IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS P. RANKIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:21-cv-1321 |
| | ) | |
| vs. | ) | |
| | ) | |
| PTC GROUP HOLDINGS LLC, PTC ALLIANCE LLC, PTC ALLIANCE HOLDINGS CORP., PTC ALLIANCE CORP., BLACK DIAMOND CAPITAL MANAGEMENT, LLC, and CARY M. HART, | ) | ELECTRONICALLY FILED |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

AND NOW COMES the Plaintiff, Thomas P. Rankin, by and through his attorneys, Steven E. Winslow, Esquire, and Jubelirer, Pass & Intrieri, P.C., and hereby brings this action against Defendants, PTC Group Holdings LLC, PTC Alliance LLC, PTC Alliance Holdings Corp., PTC Alliance Corp., Black Diamond Capital Management, LLC, and Cary M. Hart (collectively, the "Defendants", "PTC Alliance", or the "Employer"), and in support thereof avers as follows:

**I. Parties**

1.  Plaintiff, Thomas P. Rankin, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 1684 Northgate Drive, Pittsburgh, Pennsylvania 15241.

2.  Defendant, PTC Group Holdings LLC, is organized and is operating as a limited liability company or other legal entity with a principal place of business located at 6051 Wallace

1

Road Ext, Suite 200, Wexford, Pennsylvania 15090. PTC Group Holdings LLC is an employer engaged in an industry affecting interstate commerce.

3. Defendant, PTC Alliance LLC, is organized and is operating as a limited liability company or other legal entity with a principal place of business located at 6051 Wallace Road Ext, Suite 200, Wexford, Pennsylvania 15090. PTC Alliance LLC is an employer engaged in an industry affecting interstate commerce.

4. Defendant, PTC Alliance Holdings Corp., is organized and is operating as a corporation or other legal entity with a principal place of business located at 6051 Wallace Road Ext, Suite 200, Wexford, Pennsylvania 15090. PTC Alliance Holdings Corp. is an employer engaged in an industry affecting interstate commerce.

5. Defendant, PTC Alliance Corp., is organized and is operating as a corporation or other legal entity with a principal place of business located at 6051 Wallace Road Ext, Suite 200, Wexford, Pennsylvania 15090. PTC Alliance Corp. is an employer engaged in an industry affecting interstate commerce.

6. Defendant, Black Diamond Capital Management, LLC, is organized and is operating as a limited liability company or other legal entity with a principal place of business located at One Sound Shore Drive, Suite 200, Greenwich, Connecticut 06830. Black Diamond Capital Management, LLC is an employer engaged in an industry affecting interstate commerce.

7. Defendant, Cary M. Hart, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 105 Heaven Lane, Mars, Pennsylvania 16046. Mr. Hart is the President and CEO of PTC Alliance and was Mr. Rankin's direct supervisor.

8. At all times relevant hereto, Defendants acted and/or failed to act by and through their duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment and/or agency with one or more of the Defendants.

9. All Defendants are directly and/or vicariously liable to Mr. Rankin for all losses and/or other damages resulting from the acts and/or omissions of persons or entities whose conduct was under their supervision, control, or right of control, and/or whose discriminatory conduct they aided, abetted, incited, compelled, and/or coerced.

10. At all times relevant hereto, Defendants collectively constituted a Single Employer and/or Joint Employer of Mr. Rankin.

## II. Jurisdiction and Venue

11. The Court has federal question jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter the "FLSA") and 28 U.S.C. § 1331 because this case presents an action arising under the laws of the United States. The Court has supplemental jurisdiction over the claims arising under state law pursuant to 29 U.S.C. § 1367 because they are so related to the claim arising under federal law that they form part of the same case and controversy.

12. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because this District is the location of Defendants' principal places of business and/or the location of the transactions and occurrences out of which this cause of action arose.

## IV. Factual Background

13. Mr. Rankin was employed by Defendants as the Director of Human Resources for PTC Alliance from 2018 until the termination of his employment on March 9, 2020.

14. Mr. Rankin had a contract with Defendants in which they agreed to pay him certain wages, benefits, and bonuses in exchange for his employment as the Director of Human Resources.

15. Mr. Rankin was responsible for managing all aspects of human resources and reported directly to Cary M. Hart, the President and CEO of PTC Alliance.

16. Among other things, Mr. Rankin was responsible for working with Defendants' Legal Department to ensure compliance with applicable federal, state, and local labor and employment laws.

17. During the course of his employment, Mr. Rankin learned that Defendants were stealing hundreds of thousands of dollars in wages from their employees by misclassifying certain positions as exempt from the FLSA's overtime requirements when such positions did not actually meet the legal criteria to be exempt.

18. Mr. Rankin was very concerned when he learned about Defendants' FLSA violations and attempted to rectify the FLSA violations.

19. Mr. Rankin complained to Defendants about this non-compliance on an ongoing, regular basis.

20. In fact, Defendants' legal counsel, Joshua C. Vaughn from Littler Mendelson, P.C., informed Defendants and Mr. Rankin that Defendants were misclassifying numerous positions and failing to pay overtime compensation when required by the FLSA.

21. During the months leading up to his termination, Mr. Rankin began complaining to Mr. Hart more forcefully about the FLSA violations and the need to correct them. However, Mr.

Hart responded dismissively to Mr. Rankin's complaints, refused to correct the FLSA violations, and made statements such as "we can't afford that" and "don't let legal spend $90,000 on Josh Vaughn at Littler to get our FLSA issues corrected."

22. On March 1, 2020, Mr. Rankin sent an e-mail to Mr. Hart indicating that he was reconsidering his future with Defendants—specifically, considering whether he could maintain his personal integrity while continuing to work for Defendants. Mr. Rankin further reiterated in the e-mail his ongoing complaints about Defendants' failure to pay overtime to certain employees in violation of the FLSA.

23. On the morning of March 3, 2020, Mr. Rankin called Defendants' Whistleblower Hotline to complain about Defendants' failure to remedy the FLSA violations. Despite being promised a callback to discuss the FLSA violations, Mr. Rankin never received a return call.

24. As such, on or about March 4, 2020, Mr. Rankin contacted the U.S. Department of Labor and filed a formal complaint against Defendants based upon the failure to pay overtime compensation in compliance with the provisions of the FLSA.

25. On March 9, 2020, Defendants terminated Mr. Rankin because he made repeated internal complaints to Defendants about their FLSA violations ("internal complaints"), as well as external complaints to the U.S. Department of Labor about Defendants' FLSA violations ("external complaints").

# V. Statement of Claim

## COUNT I

### RETALIATION IN VIOLATION OF SECTION 15(a)(3) OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215(a)(3)

26. Mr. Rankin realleges and restates the above paragraphs as if fully alleged and stated herein.

27. Defendants, both individually and collectively, constitute a covered employer subject to the requirements of the Fair Labor Standards Act ("FLSA").

28. Mr. Rankin engaged in protected activity under the FLSA by making both internal complaints to Defendants and external complaints to the U.S. Department of Labor.

29. Mr. Rankin stepped outside of his managerial role as Director of Human Resources when making the internal complaints and external complaints and took actions adversarial to Defendants in an attempt to compel Defendants to correct their FLSA violations.

30. Defendants were aware of Mr. Rankin's internal complaints and external complaints prior to making the decision to terminate his employment.

31. Defendants retaliated against Mr. Rankin by terminating him from employment for making both internal complaints and external complaints about FLSA violations.

32. There is a causal connection between Mr. Rankin's internal complaints / external complaints about FLSA violations and the termination of his employment by Defendants.

33. Defendants knowingly, intentionally, and willfully retaliated against Mr. Rankin for his internal complaints / external complaints about FLSA violations by terminating his employment.

34. Defendants knew, or showed reckless disregard for whether, their retaliatory termination of Mr. Rankin was a violation of the FLSA.

35. As such, Defendants' acts constitute willful violations of the FLSA that caused Mr. Rankin to suffer damages.

36. As a result of Defendants' violations of the FLSA, Mr. Rankin is entitled to such relief as may be appropriate, including, but not limited to, reinstatement, past and future lost wages and benefits, compensatory damages, punitive damages, pre and post judgment interest, and reasonable attorneys' fees and costs.

37. As Defendants' actions described herein were willful, undertaken in bad faith, and were without reasonable grounds to believe their actions were in compliance with the FLSA, Mr. Rankin is also entitled to an award of liquidated damages in an amount equal to his past and future lost wages and benefits.

**COUNT II**

**BREACH OF CONTRACT**

38. Mr. Rankin realleges and restates the above paragraphs as if fully alleged and stated herein.

39. At all times relevant, Mr. Rankin had an employment contract that obligated Defendants to pay him an annual bonus in the amount of 25% of his annual salary.

40. Defendants breached their contractual obligations to Mr. Rankin by failing to provide him with an annual bonus during each year of his employment.

41. As a result of Defendants' breach of their contractual obligations, Mr. Rankin was damaged because he did not receive all compensation he was entitled to receive under his employment contract.

42. Mr. Rankin is entitled to judgment in the amount of all damages sustained as a result of Defendants' breach of contract.

## COUNT III

## VIOLATION OF THE
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW ("WPCL")

43. Mr. Rankin realleges and restates the above paragraphs as if fully alleged and stated herein.

44. Defendants individually and collectively constitute an "employer" of Mr. Rankin within the meaning of the Pennsylvania Wage Payment and Collection Law ("WPCL").

45. Mr. Rankin is an "employee" of Defendants within the meaning of the WPCL.

46. Mr. Rankin is entitled, pursuant to Section 9a(b) of the WPCL, 43 P.S. § 260.9a(b), to receive actual damages in the amount of the unpaid annual bonuses owed by Defendants.

47. The unpaid annual bonuses that Defendants owe Mr. Rankin have remained unpaid for more than thirty (30) days beyond the applicable regularly scheduled pay day and have still not been paid to date. In addition, the shortages in exceed five percent (5%) of the gross wages payable on two regularly scheduled pay days in the same calendar quarter.

48. Defendants acted in bad-faith by knowingly and willfully failing to pay the annual bonuses Mr. Rankin was contractually entitled to receive without any legal justification. Furthermore, Defendants have not made a good-faith contest of his annual bonuses.

49. Based upon the conduct of Defendants as alleged above, Mr. Rankin is entitled, pursuant to Section 10 of the WPCL, 43 P.S. § 260.10, to receive liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of unpaid annual bonuses.

50. Mr. Rankin is also entitled, pursuant to Section 9a(f) of the WPCL, 43 P.S. § 260.9a(f), to an award of award of reasonable attorneys' fees, expert fees, expenses, and costs.

## VII. Prayer for Relief

**WHEREFORE**, Mr. Rankin prays for judgment against Defendants and that he be granted the following relief:

A. Reinstatement, or alternatively front pay in the amount of his future lost wages and benefits;

B. Back pay in the amount of his past lost wages and benefits;

C. Compensatory damages in the amount of his out-of-pocket expenses, future pecuniary losses, emotional distress, emotional pain, suffering, inconvenience, mental anguish, lost enjoyment of life, loss of consortium, and harm to reputation;

D. Liquidated damages;

E. Punitive damages;

G. Reasonable attorneys' fees, expenses, expert fees, and costs incurred in vindicating his rights;

H. Pre- and post-judgment interest; and

I. Such further legal or equitable relief as the Court deems just and appropriate.

## VIII. **Demand for Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mr. Rankin hereby demands a trial by jury in this action of all issues so triable.

                              Respectfully Submitted,

                              JUBELIRER, PASS & INTRIERI, P.C.

BY: */s/ Steven E. Winslow*
       Steven E. Winslow, Esquire
       Pa. I.D. # 319437
       219 Fort Pitt Boulevard
       Pittsburgh, PA 15222
       Phone: 412-281-3850
       Fax: 412-281-1985
       E-mail: sw@jpilaw.com

       *Attorney for Plaintiff,*
       *Thomas P. Rankin*