IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS P. RANKIN, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO.: 2:21-cv-01321 |
| vs. | : |
| | : JUDGE MAUREEN P. KELLY |
| PTC ALLIANCE LLC, BLACK DIAMOND | : |
| CAPITAL MANAGEMENT LLC, AND | : |
| CARY M. HART, | : Electronically Filed |
| | : |
| Defendants. | : |

**DEFENDANT BLACK DIAMOND CAPITAL MANAGEMENT, LLC'S
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) and 12(b)(6)</u>**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 2

III. LEGAL STANDARD ..................................................................................................... 3

IV. ARGUMENT .................................................................................................................. 4

    A. This Court Lacks Jurisdiction Over Black Diamond Capital Management, LLC .................................................................................................................... 5

        1. This Court Lacks General Personal Jurisdiction Over BDCM. ................... 6

        2. This Court Lacks Specific Personal Jurisdiction Over BDCM. ................. 7

    B. *In the Alternative*: Plaintiff Failed to Plead an Employer Relationship With the Requisite Specificity ..................................................................................... 10

V. CONCLUSION............................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)......................................................................................................4

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007)......................................................................................................4

*Bristol-Myers Squibb Co. v. Superior Court*,
　137 S. Ct. 1773 (2017)..................................................................................................7

*Burger King Corp. v. Rudzewicz*,
　471 U.S. 462 (1985)......................................................................................................7

*Carteret Savings Bank v. Shushan*,
　954 F.2d 141 (3d Cir. 1992)..........................................................................................3

*Chavez v. Dole Food Co., Inc.*,
　836 F.3d 205 (3d Cir. 2016)..........................................................................................5

*Daimler AG v. Bauman*,
　571 U.S. 117 (2014)...................................................................................................6, 7

*In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*,
　735 F. Supp. 2d 277 (W.D. Pa. 2010).......................................................................2, 9

*In Re Enterprise Rent-A-Car Wage & Hour Empl. Practices Litig.*,
　683 F.3d 462 (3d Cir. 2012)........................................................................................11

*Fowler v. UPMC Shadyside*,
　578 F.3d 203 (3d Cir. 2009)..........................................................................................4

*Fulano v. Fanjul Corp.*,
　236 A.3d 1 (Pa. Super. Ct. 2020).................................................................................9

*Goodyear Dunlop Tires Operations SA v. Brown*,
　564 U.S. 915 (2011)...............................................................................................5, 6, 7

*Hickman v. TL Transp., LLC*,
　317 F. Supp.3d 890 (E.D. Pa. 2018) ............................................................................3

*Internatl. Shoe Co. v. State of Wash., Office of Unemp. Comp. & Placement*,
　326 U.S. 310 (1945)......................................................................................................8

*Marten v. Godwin*,
  499 F.3d 290 (3d Cir. 2007)..................................................................................4, 8

*Metcalfe v. Renaissance Marine, Inc.*,
  566 F.3d 324 (3d Cir. 2009)........................................................................................3

*O'Connor v. Sandy Lane Hotel Co.*,
  496 F.3d 312 (3d Cir. 2007)........................................................................................7

*Ojeda v. Louse Berger Grp.*,
  2021 WL 941875 (D.N.J. Mar. 11, 2021)....................................................................6

*Patterson v. FBI*,
  893 F.2d 595 (3d Cir. 1990)........................................................................................6

*Phillips v. County of Allegheny*,
  515 F.3d 224 (3d Cir. 2008)........................................................................................4

*Pieretti v. Dent Enters.*,
  2011 WL 6425333 (E.D. Pa. Dec. 21, 2011)...........................................................4, 6

*Robertson v. Enbridge (U.S.) Inc.*,
  2020 WL 5751641 (W.D. Pa. July 31, 2020) ...........................................................11

*Santiago v. Warminster Twp.*,
  629 F.3d 121 (3d Cir. 2010)........................................................................................4

*Savakus-Malone v. Piramal Critical Care, Inc.*,
  2019 WL 2897697 (E.D. Pa. July 3, 2019)...............................................................11

*Sudofsky v. JDC, Inc.*,
  2003 WL 22358448 (E.D. Pa. Sept. 8, 2003) .............................................................3

*Talarico v. Pub. Partnerships, LLC*,
  837 F. App'x 81 (3d Cir. 2020) ................................................................................11

*Talbert v. Am. Water Works Co.*,
  538 F. Supp. 3d 471 (E.D. Pa. 2021)...........................................................................3

*U.S. v. Pangang Group Co., Ltd.*,
  879 F. Supp. 2d 1052 (N.D. Cal. 2012).......................................................................3

*United States v. Bestfoods*,
  524 U.S. 51 (1998)......................................................................................................3

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*,
  75 F.3d 147 (3d Cir. 1996)..........................................................................................5

*Weiser L. Firm v. Hartleib*,
    2020 WL 5993628 (E.D. Pa. Oct. 9, 2020)...............................................................................8

*World-Wide Volkswagon Corp. v. Woodson*,
    444 U.S. 286 (1990)..................................................................................................................6

**Statutes**

42 Pa.C.S. § 5322(b).......................................................................................................................5

**Other Authorities**

5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed.
    2004) ........................................................................................................................................4

**MEMORANDUM IN SUPPORT**

Defendant Black Diamond Capital Management, LLC ("BDCM") files this Brief in Support of its Motion to Dismiss Plaintiff Thomas P. Rankin's ("Plaintiff" or "Rankin") Complaint against BDCM pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

I. **INTRODUCTION**

This case involves a foreign defendant, BDCM, and a Complaint whose allegations fail to establish any basis for personal jurisdiction over that defendant in the Commonwealth of Pennsylvania. Specifically, Plaintiff — the former Human Resource Director for co-defendant PTC Alliance, LLC ("PTC Alliance") — does not state sufficient facts to establish that BDCM has continuous or systematic contacts with the Commonwealth of Pennsylvania sufficient to render them "essentially at home" (necessary for general jurisdiction); nor has he pled a sufficient connection between BDCM and the underlying controversy (necessary for specific jurisdiction). Nor could he.

As discussed more fully below, BDCM is a Delaware limited liability company. It does not hold any equity interest in PTC Alliance, nor does it manage the day-to-day operations at PTC Alliance or direct personnel decisions (let alone those involving Plaintiff). BDCM is not registered to do business in Pennsylvania; does not have any real estate, offices or employees in Pennsylvania; and it does not regularly conduct or solicit business in Pennsylvania. BDCM did not contract with Plaintiff, nor did it pay him.

Put simply, Plaintiff fails to allege any facts sufficient for this Court to conclude that it has personal jurisdiction over BDCM; and for these reasons, the Complaint against BDCM should be dismissed.[1]

## II. FACTUAL BACKGROUND

BDCM has attached as **Exhibit 1** to this Motion to Dismiss the sworn affidavit of BDCM's General Counsel, Adam Tarkan (the "Tarkan Affidavit"), making clear that BDCM is not subject to personal jurisdiction in Pennsylvania. The sworn statements in the Tarkan Affidavit establish the following facts.

BDCM is a limited liability company formed under the laws of the State of Delaware, with its headquarters and principal place of business in Connecticut. (Tarkan Aff., ¶4.) BDCM is a Connecticut-based U.S. registered investment advisor that does not regularly conduct or solicit business in Pennsylvania, and does not engage in any continuous or persistent course of conduct in Pennsylvania. (*Id*., ¶¶ 6-8.) BDCM does not have any offices or employees in Pennsylvania, and it does not own, use or possess any real estate in Pennsylvania. (*Id.*, ¶5.) BDCM has also never been registered to do business in Pennsylvania. (*Id*., ¶9.)

While certain affiliates of BDCM hold an equity ownership interest in Plaintiff's former employer, PTC Alliance (*id*., ¶ 10) this, standing along, cannot establish jurisdiction. BDCM has at all relevant times been a separate corporate entity from PTC Alliance.[2] BDCM does not

---

[1] Plaintiff also fails to plead an employment relationship with BDCM with the requisite specificity, and the Complaint against BDCM should be dismissed on this basis as well. BDCM asserts this argument in the alternative and only after threshold questions of personal jurisdiction are resolved.

[2] Certain employees of BDCM serve and/or have served on PTC Alliance's board. Board service, however, is not a basis to establish jurisdiction. *See In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 735 F. Supp. 2d 277, 323 (W.D. Pa. 2010) ("[t]he sharing by the corporations of directors and the ownership by defendant parent of one-hundred percent of [its Pennsylvania-based subsidiary] do not implicate that defendant parent controlled the subsidiary

2

promulgate work rules applicable to PTC Alliance's employees or participate in the day-to-day supervision of PTC Alliance's employees. (*Id.*, ¶¶ 13-14.) Additionally, BDCM has never entered any employment contracts with Plaintiff or paid any compensation to Plaintiff. (*Id.*, ¶¶ 15-16.)

### III. LEGAL STANDARD

"In resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction." *Hickman v. TL Transp., LLC*, 317 F. Supp.3d 890, 893 (E.D. Pa. 2018) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)); *see also Talbert v. Am. Water Works Co.*, 538 F. Supp. 3d 471, 483 (E.D. Pa. 2021). Because such motions generally require "resolution of factual issues outside the pleadings … [courts] consider any affidavits submitted by the parties." *Talbert*, 538 F. Supp. 3d at 483 (internal citations omitted). Once a defendant raises the question of jurisdiction, the burden is on the plaintiff to demonstrate, by a preponderance of the evidence, that jurisdiction is proper. *Sudofsky v. JDC, Inc.*, 2003 WL 22358448, at *2 (E.D. Pa. Sept. 8, 2003) (citing *Carteret Savings Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)). A plaintiff must allege "specific facts" — not conclusory assertions — to demonstrate that jurisdiction is appropriate.

---

to the extent necessary to find that [the Pennsylvania-based subsidiary] is an alter ego of defendant parent," and thereby precluding *in personam* jurisdiction over parent); *U.S. v. Pangang Group Co., Ltd.*, 879 F. Supp. 2d 1052, 1068 (N.D. Cal. 2012) (evidence that domestic subsidiary was the general agent for foreign parent companies, and that subsidiary's board of directors included representatives from parent companies was not sufficient to establish the requisite unity of interest to establish an alter-ego relationship, as required to establish personal jurisdiction over parent companies); *see also United States v. Bestfoods*, 524 U.S. 51, 69 (1998) ("[I]t is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent corporation for its subsidiary's acts.").

3

*Pieretti v. Dent Enters.*, 2011 WL 6425333, at *1 (E.D. Pa. Dec. 21, 2011) (citing *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007)).

A defendant may also move to dismiss under Federal Rule of Civil Procedure 12(b)(6) when the complaint fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss is intended to test the sufficiency of the complaint. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010). For a complaint to survive a Rule 12(b)(6) motion to dismiss, it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party, a plaintiff must supply "more than labels and conclusions and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations in the complaint must be enough to raise a right to relief above the speculative level." *Id*. at 555 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp 235-236 (3d ed. 2004)). A complaint must do more than allege a plaintiff's entitlement to relief; it must "show" such an entitlement with its facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

## IV.    ARGUMENT

For the reasons set forth below, Plaintiff cannot establish that the exercise of jurisdiction over BDCM in this case is appropriate — nor would it comport with the traditional notions of fair play and substantial justice. Indeed, BDCM has no reason to expect to appear before a court in Pennsylvania. Accordingly, dismissal of the Complaint against BDCM is appropriate.

In the alternative, to the extent the Court rejects BDCM's argument that the Complaint should be dismissed for lack of personal jurisdiction, then the Complaint against BDCM should also be dismissed for failure to state a claim.

### A. This Court Lacks Jurisdiction Over Black Diamond Capital Management, LLC

This Court does not possess general or specific jurisdiction over BDCM. To determine whether jurisdiction exists, this Court must make a two-part inquiry: whether Pennsylvania's long-arm statute permits Pennsylvania to exercise jurisdiction over the defendant and, if so, whether personal jurisdiction over the defendant would be consistent with the requirements of the Due Process Clause of the United States Constitution.

The Pennsylvania long-arm statute provides for jurisdiction "to the fullest extent allowed under the Constitution of the United States" and "based on the most minimum contact with [the] Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S. § 5322(b). Federal law, therefore, defines the parameters of this Court's ability to exercise personal jurisdiction over BDCM. *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996).

Courts recognize two kinds of personal jurisdiction: (1) general jurisdiction, and (2) specific jurisdiction. *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016). A federal court may exercise general or "all-purpose" jurisdiction over a foreign defendant and hear any and all claims against the defendant when the plaintiff can demonstrate that the defendant's affiliations with the forum state are so "continuous and systematic to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations SA v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction, on the other hand, focuses on the relationship

between the forum state and "the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.*

"[U]ltimately, the court must determine whether the facts, and not merely the plaintiff's allegations, justify finding jurisdiction." *Ojeda v. Louse Berger Grp.*, 2021 WL 941875, at *10 (D.N.J. Mar. 11, 2021) (citing *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990)). A "parallel inquiry" for the Court to consider in this evaluation is whether the defendant "should reasonably anticipate being haled into court there." *Pieretti*, 2011 WL 6425333, *4 (quoting *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1990)).

The Complaint in this case does not set forth <u>any</u> basis to establish personal jurisdiction over BDCM, and as the attached affidavit demonstrates, no facts can be alleged that would support a finding that either general or specific jurisdiction exist here.

### 1. This Court Lacks General Personal Jurisdiction Over BDCM.

A court cannot exercise general jurisdiction unless a foreign corporation's affiliations with the forum state are so "continuous and systematic" as to render the foreign corporation "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). For a corporation, the "place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction" because those affiliations have the virtue of being unique (*e.g.*, each ordinarily indicates only one place) and are easily ascertainable for greater predictability. *Id.* at 137. The stringent bar for general jurisdiction is not met even where a nonresident corporation engages in a "substantial, continuous, and systematic course of business" in the forum state, because such activities—alone—do not render a corporation "at home" in that state. *Id.* at 137-39.

Here, the Complaint does not allege general jurisdiction over BDCM, nor could it. BDCM is a Delaware limited liability company, with its principal place of business in Stamford, Connecticut. BDCM has no offices or employees in Pennsylvania, it is not registered to do

6

business in Pennsylvania, and it has no continuous or persistent connection with Pennsylvania that could render it "essentially at home" in the state. (*See* Tarkan Aff. at ¶¶4-5, 8, 9.) Accordingly, there is no basis to assert general jurisdiction. *Daimler AG*, 571 U.S. at 127.

### 2. This Court Lacks Specific Personal Jurisdiction Over BDCM.

Specific jurisdiction exists if the defendant "purposefully established minimum contacts within the forum State" and if the "litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). The Third Circuit has established a three-part inquiry to assess specific jurisdiction: (1) whether the defendant purposely directed its activities at the forum; (2) whether the litigation arose out of or is related to one or more of those contacts; and (3) whether the exercise of jurisdiction comports with fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). As to the second part of this inquiry, specific jurisdiction is confined to issues "deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[T]here must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id*.

Plaintiff fails to satisfy any of the elements necessary to establish specific personal jurisdiction over BDCM. The Complaint discloses no connections between BDCM and Pennsylvania, and BDCM has had no continuous or persistent connections to render it "at home" with Pennsylvania. (Tarkan Aff., ¶8.) Notably, BDCM does not have any offices or employees in Pennsylvania (Tarkan Aff., ¶5); it does not own, use or possess real estate in Pennsylvania (*id.*); and, it does not engage in any persistent course of conduct in Pennsylvania (Tarkan Aff., ¶8).

7

The requirement that the cause of action "arise from the defendant's activities" in the forum state is also not met here. The Complaint — which seeks to recover on a contract between Plaintiff and his employer PTC Alliance, and further asserts retaliation claims against Plaintiff's employer PTC Alliance — does not allege action by BDCM in the forum state, nor does it allege that BDCM caused any consequence in the forum state. None of the causes of action arise out of any activity taken by BDCM in Pennsylvania.

In the complete absence of any continuous or persistent connection with Pennsylvania, one could not reasonably conclude that a company such as BDCM would reasonably anticipate being hauled into a Pennsylvania court. Accordingly, an exercise of personal jurisdiction over BDCM in Pennsylvania cannot comport with "traditional notions of fair play and substantial justice." *Internatl. Shoe Co. v. State of Wash., Office of Unemp. Comp. & Placement*, 326 U.S. 310, 316 (1945).

In an effort to overcome the lack of any meaningful contacts between BDCM and the Commonwealth of Pennsylvania, Plaintiff makes the conclusory allegation that BDCM along with PTC Alliance constituted "a Single Employer and/or Joint Employer of [Plaintiff]." (Compl. ¶ 10.) Plaintiff, however, offers no specific facts regarding his alleged employment relationship with BDCM. Because unsupported legal conclusions are not accepted as true for purposes of a motion to dismiss, Plaintiff's conclusory allegation is insufficient to establish personal jurisdiction over BDCM. *See Weiser L. Firm v. Hartleib*, 2020 WL 5993628, at *16 (E.D. Pa. Oct. 9, 2020) ("Absent allegations of 'specific facts showing a deliberate targeting of Pennsylvania,' we cannot exercise personal jurisdiction.") (citing *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007)).

Unlike Plaintiff's conclusory legal allegation (which must be disregarded), the facts attested to in the Tarkan Affidavit make clear that BDCM was not Plaintiff's employer: BDCM never entered any employment contracts with Plaintiff, or otherwise contracted with Plaintiff in any capacity whatsoever. (Tarkan Aff., ¶ 15.) BDCM has never paid any compensation to Plaintiff or issued to Plaintiff an IRS Form W-2 or other employment related tax documents. (Tarkan Aff. ¶ 16.) Moreover, the employment contract at issue in Count II of the Complaint was between Plaintiff and his direct employer, PTC Alliance, and not BDCM. (Tarkan Aff., ¶ 15; Compl. ¶¶ 13-14.) While affiliated entities of BDCM hold an equity ownership in PTC Alliance, and BDCM-affiliated professionals serve (and/or have served) on PTC Alliance's Board, BDCM itself does not hold <u>any</u> equity interest in PTC Alliance (Tarkan Aff., ¶ 11), and BDCM at all times, remained a separate corporate entity from PTC Alliance (Tarkan Aff., ¶ 12).

There is no scenario whereby personal jurisdiction can be exercised over BDCM in Pennsylvania under these facts. Even if BDCM were the corporate parent of PTC Alliance (it is not), it is still firmly established law that no personal jurisdiction exists where a corporate parent is not a party to the contract underlying the basis of the plaintiff's claim and has not conducted or transacted any business in the Commonwealth of Pennsylvania relative to the causes of action. *See Fulano v. Fanjul Corp.*, 236 A.3d 1, 20 (Pa. Super. Ct. 2020) (noting that "[g]enerally, a corporate parent will retain its distinct identity and not be subject to the jurisdictions of its subsidiaries, even when it shares common directors, officers and shareholders" . . . and affirming that only in "extreme circumstances" when the parent "controls the day-to-day operations of the subsidiary" and is otherwise considered its alter-ego may a foreign parent corporation be subject to jurisdiction in the Commonwealth); *see also In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 735 F. Supp. 2d at 318 (holding that absent the plaintiff demonstrating that "the

degree of control exercised by the parent [is] greater than normally associated with common ownership and directorship," the "parent-subsidiary relationship itself is not sufficient to establish *in personam* jurisdiction over the parent entity").

Here, Plaintiff does not allege that BDCM contracted with Plaintiff (it did not) or conducted or transacted any business in the Commonwealth of Pennsylvania related to the causes of action (again, it did not). BDCM is a <u>Delaware</u> Corporation with a principal place of business in <u>Connecticut</u>. It is affiliated with owners of the equity interests in Plaintiff's employer, PTC Alliance. While PTC Alliance is alleged to have breached an employment contract with Plaintiff and further retaliated against Plaintiff, BDCM is at least three steps removed. This is the kind of "attenuated" circumstance that fails to establish personal jurisdiction in Pennsylvania.

Based upon the foregoing, this Court must dismiss Plaintiff's claims against BDCM pursuant to Rule 12(b)(2).

      **B.**     ***In the Alternative*: Plaintiff Failed to Plead an <u>Employer Relationship With the Requisite Specificity</u>**

Should the Court somehow find personal jurisdiction here, the Court alternatively should dismiss the Complaint against BDCM on the grounds that Plaintiff failed to state a claim against BDCM.[3]

All three counts in Plaintiff's Complaint — claiming retaliation under the FLSA, breach of contract, and a wage claim under the Pennsylvania Wage Payment Collection Law ("WPCL") — are predicated on this Court finding BDCM a joint employer with Plaintiff's direct employer,

---

[3] For the avoidance of doubt, BDCM seeks dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as an alternative ground for relief, but in so doing does not intend to waive its objections asserted pursuant to Rule 12(b)(2) for lack of personal jurisdiction. BDCM's argument arising under Rule 12(b)(2) is a threshold issue that must be resolved first, before there is any need (if at all) to reach the Rule 12(b)(6) argument.

PTC Alliance. Otherwise, there is no way to link BDCM to the alleged actions by PTC Alliance serving as the basis of Plaintiff's retaliation, breach of contract, and wage payment claims.

Plaintiff, however, fails to plead facts plausibly giving rise to a claim regarding the employment relationship. For this additional reason, Plaintiff's claims against BDCM should be dismissed. *See, e.g., Savakus-Malone v. Piramal Critical Care, Inc.*, 2019 WL 2897697 (E.D. Pa. July 3, 2019) (granting motion to dismiss claims under the FLSA where the plaintiff failed to sufficiently plead that the defendant was a joint employer) *see also Robertson v. Enbridge (U.S.) Inc.*, 2020 WL 5751641, at *5 (W.D. Pa. July 31, 2020) (where more than one employer is alleged,"[p]laintiffs may only recover against [the defendant] if they can show that it acted as the Plaintiffs' 'joint employer' under the FLSA and the PMWA."), *report and recommendation adopted*, 2020 WL 5702419 (W.D. Pa. Sept. 24, 2020).

The Third Circuit has created a four-factor test for determining whether a joint employer relationship exists: (1) the alleged employer's authority to hire and fire the relevant employee; (2) the alleged employer's authority to promulgate work rules and assignments and to set the employee's conditions of employment which includes: compensation, benefits, and work schedules, including the rate and method of payment; (3) the alleged employer's involvement in day-to-day employee supervision, including employee discipline; and (4) the alleged employer's actual control of employee records, such as payroll, insurance, or taxes. *In Re Enterprise Rent-A-Car Wage & Hour Empl. Practices Litig.*, 683 F.3d 462, 469 (3d Cir. 2012). This standard is used to determine if an entity is a joint employer under both the FLSA and Pennsylvania's wage and hour laws such as the WPCL and the PMWA. *See Talarico v. Pub. Partnerships, LLC*, 837 F. App'x 81, 84 n.1 (3d Cir. 2020).

Here, Plaintiff's Complaint is devoid of any alleged facts suggestive of an employment relationship between Plaintiff and BDCM. Plaintiff's lone conclusory allegation is that BDCM and Plaintiff's direct employer, PTC Alliance, "collectively constituted a Single Employer and/or Joint Employer of [Plaintiff]." (Compl. ¶ 10.) This comes nowhere close to satisfying the minimum pleading requirements for establishing an employer-employee relationship. Plaintiff was required to show *how* BDCM allegedly exercised control over his work. Instead, Plaintiff opted for conclusory statements of law presumably because the facts do not support the allegations.

The facts that Plaintiff does allege only suggest an employment relationship between Plaintiff and PTC Alliance. For example, Plaintiff claims he was employed as the Director of Human Resources **for PTC Alliance**, and that to this end, he entered an employment contract for the payment of wages, benefits, and bonuses in exchange for his employment as **with PTC Alliance**. (Compl. ¶¶ 13, 14.) Plaintiff further alleges that he was responsible for managing human resources **for PTC Alliance**, and that **he reported directly to Cary M. Hart, the President and CEO of PTC Alliance**. (Compl. ¶ 15.) Finally, when Plaintiff allegedly complained of certain purported wage and hour violations by PTC Alliance, **he directed his complaints to the CEO of PTC Alliance**, and not BDCM. (Compl. ¶¶ 17 – 22.)

Plaintiff's failure to plead any facts suggestive of an employment relationship with BDCM serves as an independent basis for dismissal of Plaintiff's Complaint against BDCM.

V.     **CONCLUSION**

BDCM has submitted sworn evidence through the Tarkan Affidavit (Ex. 1 hereto) demonstrating that it does not have contacts with Pennsylvania sufficient to support the exercise of personal jurisdiction over it in the Commonwealth. Because there is no basis for general or specific jurisdiction to be asserted, BDCM respectfully requests that this Court dismiss the

Complaint against it pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Alternatively, BDCM seeks to dismiss the Complaint for failure to state a claim against BDCM pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: January 24, 2022                    Respectfully submitted,

*/s/ Christian Antkowiak*
Christian Antkowiak (PA 209231)
christian.antkowiak@bipc.com
William Lewis (PA 316527)
william.lewis@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-1410
Phone: 412-562-8800
Fax: 412-562-1041

*Attorneys for Defendant Black Diamond Capital Management, LLC*

4859-6433-2555, v. 1