**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

THOMAS P. RANKIN,

Plaintiff,

v.

PTC GROUP HOLDINGS LLC, PTC ALLIANCE LLC, PTC ALLIANCE HOLDINGS CORP., PTC ALLIANCE CORP., BLACK DIAMOND CAPITAL MANAGEMENT, LLC, *and* CARY M. HART

Defendants.

Civil Action No. 21-1321
Magistrate Judge Maureen P. Kelly

Re: ECF No. 48

**OPINION**

**KELLY, Magistrate Judge**

Plaintiff Thomas R. Rankin ("Plaintiff") brings this action against Defendants PTC Alliance, LLC ("PTC"), Black Diamond Capital Management, LLC ("Black Diamond") and Cary M. Hart ("Hart") (collectively, "Defendants"), alleging retaliation in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (the "FLSA"). ECF No. 46.[1]

Presently before the Court is a Motion to Dismiss filed on behalf of Defendant Black Diamond, challenging both the court's exercise of personal jurisdiction and the sufficiency of the allegations in Plaintiff's Amended Complaint. ECF No. 48. For the reasons that follow, the Motion to Dismiss is denied on jurisdictional grounds, but is granted due to Plaintiff's failure to allege facts sufficient to state a claim for relief against Black Diamond.

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 38, 39, and 44.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. The Parties

Rankin is a human resources professional who was employed by Defendants as the Director of Human Resources at PTC from 2018 until his termination on March 9, 2020. ECF No. 46 ¶ 10. He currently resides in Pittsburgh, Pennsylvania. Id. ¶ 1.

PTC is a limited liability company with its headquarters and principal place of business at 6051 Wallace Road Extension, Suite 200, Wexford, Pennsylvania, 15090. ECF No. 10 ¶ 3. PTC is a manufacturer of mechanical steel tubing and related products. ECF No. 35-3 at 2.

Hart is an adult individual who resides at 105 Heaven Lane, Mars, Pennsylvania, 16046. He is the President and CEO of PTC and was Rankin's direct supervisor. ECF No. 46 ¶ 4; ECF No. 10 ¶ 10.

Black Diamond is a limited liability company organized under the laws of the State of Delaware with its headquarters and principal place of business in Connecticut. ECF No. 46 ¶ 3; ECF No. 27 at 7. Black Diamond is the private equity sponsor of PTC. ECF No. 35-1 ¶ 8.

## B. Factual Background

As PTC's Director of Human Resources, Rankin managed all aspects of human resources and reported directly to Hart, the President and CEO of PTC. Id. ¶ 11. Among other responsibilities, Rankin worked with Defendants' Legal Department to ensure compliance with applicable federal, state, and local labor and employment laws. Id. ¶ 12.

In the course of his employment, Rankin learned that Defendants were misclassifying certain positions as exempt from the FLSA's overtime requirements. Id. ¶ 13. Rankin was very concerned when he learned about these FLSA violations and sought to rectify them. Id. ¶ 14. Rankin complained to Defendants about this non-compliance with the FLSA on an ongoing basis.

Id. ¶ 15. Defendants' outside legal counsel informed Defendants and Rankin that Defendants were misclassifying several positions and failing to pay overtime compensation as required by the FLSA. Id. ¶ 16. During the months leading up to his termination, Rankin complained to Hart more forcefully about the FLSA violations and the need to correct them. Hart responded dismissively to Rankin's complaints, refused to correct the FLSA violations, and made statements complaining about the cost of outside legal counsel. Id. ¶ 17.

On March 1, 2020, Rankin emailed Hart indicating that he was considering whether he could maintain his personal integrity while continuing to work for Defendants. Rankin further reiterated his ongoing complaints about Defendants' failure to pay overtime to certain employees in violation of the FLSA. Id. ¶ 18.

On March 3, 2020, Rankin called Defendants' Whistleblower Hotline to complain about Defendants' failure to remedy the FLSA violations. Despite being promised a callback to discuss the FLSA violations, Rankin never received a return call. Id. ¶ 19. As a result, on or about March 4, 2020, Rankin contacted the U.S. Department of Labor and filed a formal complaint against Defendants based on the failure to pay overtime compensation in compliance with the provisions of the FLSA. Id. ¶ 20.

On March 9, 2020, Defendants terminated Rankin because he had made repeated internal complaints to Defendants about their FLSA violations and lodged external complaints with the U.S. Department of Labor about the violations. Id. ¶ 21.

**C. Procedural History**

Rankin initiated this federal action by filing his Complaint on October 4, 2021. ECF No. 1. In the initial Complaint, Rankin alleged retaliation in violation of the FLSA (Count I), breach

of contract (Count II), and violation of the Pennsylvania Wage Payment and Collection Law (Count III). Id.

Defendants PTC and Hart filed their Answer and Affirmative Defenses and Additional Defenses. ECF No. 10. On January 24, 2022, Black Diamond filed a Motion to Dismiss Plaintiff's Complaint and Brief in Support. ECF Nos. 26 and 27. Rankin filed a Response in Opposition and Brief in Opposition. ECF Nos. 34 and 35. Black Diamond filed a Reply Brief. ECF No. 40. Rankin filed a Sur-Reply Brief. ECF No. 42.

On May 6, 2022, the parties filed a Stipulation to Dismiss Counts II and III with Prejudice and Defendants' Consent to Amend Complaint. ECF No. 45. The stipulation sets forth the parties' agreement to the dismissal of Plaintiff's claims for breach of contract (Count II) and violation of the Pennsylvania Wage Payment and Collection Law (Count III). The parties also agreed that Plaintiff would file an Amended Complaint to correct the caption, and that the arguments raised in Black Diamond's Motion to Dismiss and the briefs filed in support and in opposition thereto were not impacted by the Amended Complaint. Id. (citing (ECF Nos. 26, 27, 34, 35, 40, and 42). Thus, the parties anticipated that the Court would consider the Motion to Dismiss based on the previously filed briefs. The Court issued an Order approving the Stipulation. ECF No. 47. On May 16, 2022, Rankin filed his Amended Complaint and Demand for Jury Trial, ECF No. 46, and Black Diamond followed with its renewed Motion to Dismiss, ECF No. 48. Based on the parties' stipulation, the briefs previously filed in support and in opposition to the initial Motion to Dismiss are properly before the Court.

The Motion to Dismiss is now ripe for consideration.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss for Lack of Jurisdiction

"Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)). For purposes of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the "plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (quoting Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996)) (internal quotations omitted). When the district court does not hold an evidentiary hearing, "the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

### B. Motion to Dismiss for Failure to State a Claim

The United States Supreme Court has held that a complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In assessing the sufficiency of a complaint, the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the

complaint. See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555. Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Phillips v. Cnty of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. The complaint must allege facts that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element[s]' [of his claim].") Id., 515 F.3d at 234. In sum, a motion to dismiss should be granted if a party does not allege facts which could, if established at trial, entitle him to relief. See Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

## III. DISCUSSION

Black Diamond moves to dismiss this action on two grounds. First, Black Diamond asserts that this Court lacks personal jurisdiction over it. Second, and in the alternative, Black Diamond argues that Rankin fails to plead an employer relationship with sufficient specificity. ECF No. 48. Each argument will be addressed separately.

### A. Personal Jurisdiction

A district court exercises personal jurisdiction according to the law of the state where it sits. O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (citing Fed. R. Civ. P. 4(k)(1)(A)). Under Pennsylvania's long-arm statute, the court may exercise jurisdiction to the fullest extent permitted under the Due Process Clause of the Fourteenth Amendment. 42 Pa. C.S. §§ 5322(a)-(b); Abramson v. Agentra, LLC, No. 18-615, 2018 WL 6617819, at *4 (W.D. Pa. Dec. 18, 2018). Thus, the Court looks to whether, under the Due Process Clause, Black Diamond

has "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." O'Connor, 496 F.3d at 316-17 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

"In giving content to that formulation, the [United States Supreme] Court has long focused on the nature and extent of 'the defendant's relationship to the forum State.' Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty., 582 U. S.___, ___, 137 S.Ct. 1773, 1779, 198 L.Ed.2d 395 (2017) (citing cases). That focus led to [ ] recognizing two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., ___U.S. ___, 141 S. Ct. 1017, 1024, 209 L. Ed. 2d 225 (2021) (citing Goodyear Dunlop Tires Operations, S. A. v. Brown, 564 U.S. 915, 919 (2011)).

"General jurisdiction extends to all claims against a defendant and exists where a company is 'essentially at home.'" Hepp v. Facebook, 14 F.4th 204, 207 (3d Cir. 2021). When, as here, the defendant is not at home in Pennsylvania, the Court turns to the specific jurisdiction doctrine, which extends only to particular claims. Id.

"There are two prongs to the specific jurisdiction analysis. First, there must be purposeful availment: minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state. Second, the contacts must give rise to—or relate to—plaintiff's claims." Id. (citing Ford Motor, at 1024-25). "For the contacts to satisfy the second prong, there must be 'a strong "relationship among the defendant, the forum, and the litigation."' Id. (quoting Ford at 1028 and Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 414 (1984)).

If the plaintiff claims that the defendant committed an intentional tort, however, the "effects tests" set forth in Calder v. Jones, 465 U.S. 783 (1984), can "enhance otherwise insufficient contact with the forum such that the 'minimum contacts' prong of the Due Process test is satisfied." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 260 (3d Cir. 1998); see also Merical v. Valor Healthcare, Inc., No. 12-1681, 2013 WL 5408986, at *3 (W.D. Pa. Sept. 25, 2013). Under the Calder effects test, a plaintiff can establish personal jurisdiction if he demonstrates:

(1) The defendant committed an intentional tort;

(2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and]

(3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

Marten v. Godwin, 499 F.3d 290, 297 (3d Cir. 2007) (quoting IMO Indus., 155 F.3d at 265–66).

Black Diamond argues that under any formulation, the Court does not have personal jurisdiction over it in this case. ECF No. 27 at 10-15.

As to specific personal jurisdiction, Black Diamond asserts that Rankin fails to establish that: (1) it purposely directed its activities at Pennsylvania; (2) the litigation arose out of or relates to one or more contacts with Pennsylvania; and (3) the exercise of jurisdiction would comport with fair play and substantial justice. ECF No. 27 at 21-13. Black Diamond focuses its argument on the lack of continuous and persistent connections between Black Diamond and Pennsylvania. Id. Be that as it may, Black Diamond fails to address the application of Calder to the pending issue of specific personal jurisdiction. Id.

In his Response in Opposition, Rankin does not contend that Black Diamond has the "systematic and continuous" contacts necessary to establish general jurisdiction in Pennsylvania. Instead, Rankin claims that Black Diamond committed an intentional tort in the form of retaliation

in violation of the FLSA, such that specific jurisdiction exists under the Calder effects test. ECF No. 34 and ECF No. 35 at 6-11. The Court therefore focuses its inquiry on whether Black Diamond's contacts with Pennsylvania satisfy the Calder effects test.[2]

In applying the Calder effects test, the United States Court of Appeals for the Third Circuit has instructed that the analysis must begin with consideration of the third prong. Marten, 499 F.3d at 297 ("Only if the 'expressly aimed' element of the effects test is met need we consider the other two elements.").

Under the third prong of Calder, plaintiff must show "that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." IMO Indus., 155 F.3d at 266. If a plaintiff does not establish the defendant "manifest[ed] behavior intentionally targeted at and focused on [the forum]," he cannot establish jurisdiction under the effects test. Id. at 265 (citing ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617 (4th Cir. 1997)); see also Marten, 499 F.3d at 298.

In this case, it is undisputed that Black Diamond is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Connecticut. ECF No. 1 ¶ 6; ECF No. 27 at 7. It is also admitted that certain affiliates of Black Diamond hold an equity ownership interest in PTC and certain officers and employees of Black Diamond serve on the PTC Board of Directors. Id.

---

[2] In considering the arguments of Rankin and Black Diamond as to specific jurisdiction, as set forth above, the Court must assume that all factual allegations and other evidence submitted by Rankin to be true and the Court must construe all factual disputes in his favor. See Shanahan v. Ethan Allen Retail, Inc., No. 21-595, 2021 WL 4077950 (E.D. Pa. Sept. 8, 2021)(citing Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 333 (3d Cir. 2009)).

Rankin asserts that Black Diamond knew that he would suffer harm resulting from its retaliation and Black Diamond expressly directed its retaliatory actions against him in Pennsylvania. Id. at 9-11. In support of this argument, Rankin identifies actions by Black Diamond aimed at him in Pennsylvania.

- Black Diamond was involved in all aspects of the management and operations of PTC, including all personnel matters. ECF No. 35 at 10; ECF No. 35-1 ¶¶ 11-12.

- Stephen Deckoff ("Deckoff"), Founder and Managing Principal of Black Diamond, and Christopher Parker ("Parker"), the Senior Managing Director of Black Diamond, participated with CEO Hart in key human resources decisions of PTC in Pennsylvania, including as to Rankin and other management personnel in late February 2020. ECF No. 35-4 at 2.

- Deckoff and Parker purposefully participated in the emails, telephone and other communications with CEO Hart who is located in Pennsylvania in connection with the retaliatory termination of Rankin in Pennsylvania. ECF No. 35 at 10.

- Black Diamond personnel, including Deckoff and Parker, were aware that Rankin lives and works in Pennsylvania, and he would suffer harm from the retaliatory termination of his employment in Pennsylvania. ECF No. 35 at 10.

- Adam Tarkan, the General Counsel of Black Diamond, communicated with Rankin by email in Pennsylvania relative to his termination and that he was asked to conduct an investigation into Rankin's allegations of illegal activity by PTC in Pennsylvania. ECF No. 35 at 10; ECF No. 35-5 at 1.

- After his termination, Rankin was informed by the General Counsel of PTC that Deckoff and Parker of Black Diamond participated in the board decision to terminate him. ECF No. 35-1 at 3.

As to the first Calder prong, Rankin correctly points out that employment retaliation claims are treated as intentional torts. Id. at 8. See Rudolph v. Am. Int'l Grp., Inc., No. 19-1468, 2020 WL 5544423 (W.D. Pa. Sept. 16, 2020); see also Shanahan v. Ethan Allen Retail, Inc., No. 21-595, 2021 WL 4077950 (E.D. Pa. Sept. 8, 2021) ("[e]mployment discrimination and retaliation causes of actions are treated as intentional torts for purposes of the Calder test."); Marten, *supra*

(applying the Calder effects test to evaluate personal jurisdiction in a case involving a retaliation claim). Thus, Rankin argues that the first prong of the Calder test is satisfied.

As to the second Calder prong, Rankin argues that Pennsylvania is the focal point of his harm. ECF No. 35 at 8-9. He lived and worked in Pennsylvania throughout his employment with Defendants, as well as at the time of his retaliatory termination. As a result, he asserts that the harm that he suffered from the retaliatory termination occurred in Pennsylvania. Id.

In its Reply Brief, Black Diamond argues that Black Diamond is not subject to personal jurisdiction simply because two officers of Black Diamond, Deckoff and Parker, served on the Board of Directors of PTC. ECF No. 40 at 2-5. Black Diamond asserts that absent a showing the Black Diamond and PTC are alter egos, conduct by Deckoff and Parker in their capacities as Directors of PTC cannot be imputed to Black Diamond. Id. at 4. Black Diamond points out that there is no allegation that Deckoff and Parker were acting in their capacities as employees of Black Diamond rather than as Directors of PTC. Id. Simply put, Black Diamond proffers that there is an indirect ownership interest by it in PTC and there is some overlap between officers and directors, and these factors are insufficient to establish personal jurisdiction. Id.

In his Sur-Reply Brief, Rankin makes two arguments. First, he asserts that the Motion of Dismiss should be denied because the applicable case law only requires him to establish a prima facie case of personal jurisdiction over Black Diamond at this stage of the case, and the Court is required to assume the truthfulness of the evidence that Rankin has proffered and resolve all factual disputes in his favor. ECF No. 42 at 1-4. Second, Rankin argues that contrary to Black Diamond's assertions, he is not required to amend his Complaint to describe the evidence submitted to establish a prima facie case of personal jurisdiction over Black Diamond. Id. at 4-5.

Upon review, the Court finds that Rankin has sufficiently alleged that Black Diamond "expressly aimed" its alleged tortious and retaliatory conduct at Pennsylvania. Rankin has clearly identified specific actions by Black Diamond intentionally targeted at him and Pennsylvania. These actions relate to Black Diamond's involvement in all aspects of the management and operations of PTC in Pennsylvania, including all personnel matters, and to conduct and communication by Black Diamond relative to the retaliatory termination of Rankin's employment. Therefore, the Court finds that the third element of the Calder test is satisfied.

The Court also finds that Rankin satisfies the first and second parts of the Calder effects test. First, Rankin asserts an intentional tort claim against Black Diamond in the form of his FLSA retaliation claim. Second, Rankin reasonably contends that he suffered "the brunt of the harm" caused by Black Diamond's conduct in Pennsylvania because he lived and worked in Pennsylvania.

Accordingly, the Court finds that the three prongs of the Calder effects test are satisfied. As a result, the Court may exercise personal jurisdiction over Black Diamond. The Motion to Dismiss is denied on this basis.

**B. Sufficiency of Pleading as to Employer Relationship**

Rankin broadly alleges that Black Diamond is a joint employer with PTC, and thus is liable to him for unlawful retaliation. Black Diamond asserts that because Rankin fails to plead an employer-employee relationship with the requisite specificity, the Amended Complaint should be dismissed against it for failure to state a claim. ECF No. 27 at 15-17.

In opposing the Motion to Dismiss, Rankin asserts that when his well-pleaded allegations are accepted as true and all reasonable inferences are drawn in his favor, the Amended Complaint sufficiently alleges that Black Diamond is an "employer" under the FLSA under a Single Employer

Theory and a Joint Employer Theory. ECF No. 35 at 11. Rankin argues that given the degree of operational entanglement between PTC, Black Diamond and Hart, a careful factual inquiry through discovery is necessary to determine the precise contours of his employment relationship. Id. at 11-13.

The factual basis of Rankin's claim of operational entanglement rests on documents attached to his brief in opposition to the Motion to Dismiss. ECF No. 35-1 through 35-5. These documents are properly considered for jurisdictional purposes under Rule 12(b)(2). See Metcalfe, 566 F.3d at 330; see also Patterson v. Federal Bureau of Investigation, 893 F.2d 595, 603-04 (3d Cir. 1990) (upon a defendant's challenge to the Court's exercise of personal jurisdiction, a plaintiff may satisfy this burden "through sworn affidavits or other competent evidence;" reliance on pleadings and allegations alone is insufficient). However, in deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court considers only the allegations of the complaint, exhibits attached to the complaint, and matters of public record. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994). Thus, in this case, the Court considers only the allegations of the Amended Complaint to determine the sufficiency of the allegations to state a claim against Black Diamond.

In light of the fact that Rankin's only claim is for FLSA retaliation, the Court must consider the requirement of an employer-employee relationship to assert an FLSA-based claim.

To state an FLSA claim, the "first inquiry in most FLSA cases is whether the plaintiff has alleged an actionable employer-employee relationship." Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 148 (3d Cir. 2014); Davis v. Abington Mem'l Hosp., Nos. 09–cv–5520, 2012 WL 3206030, at *3 (E.D. Pa. Aug.7, 2012) *aff'd on other grounds* 765 F.3d 236 (3d Cir. 2014) ("For a defendant to be liable as an employer under the FLSA, the defendant must be an

'employer' as defined under the Act, in that the defendant must be alleged to have had an employer-employee relationship with the plaintiff."). The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee ." 29 U.S.C. § 203(d). An employee is "any individual employed by an employer," id. § 203(e)(1), and employ means "to suffer or permit to work." Id. § 203(g). "When determining whether someone is an employer under the FLSA, 'the economic reality rather than the technical concepts is to be the test of employment.' Under this theory, the FLSA defines employer 'expansively,' and with 'striking breadth.' The Supreme Court has even gone so far as to acknowledge that the FLSA's definition of an employer is 'the broadest definition that has ever been included in any one act.'" Thompson, 748 F.3d at 148 (quoting In re Enterprise Rent–A–Car Wage & Hour Emp't Practices Litig., 683 F.3d 462, 467–68 (3d Cir. 2012)).

District courts seeking to determine whether an employer-employee relationship exists are directed to begin by analyzing four factors – specifically, the alleged employer's:

1. Authority to hire and fire employees;
2. Authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits and hours;
3. Day-to-day supervision, including employee discipline; and
4. Control of employee records including payroll, insurance, taxes, and the like.

Id. at 469.

The Third Circuit has clarified that courts should consider the "total employment situation," and a court may conclude that an employment relationship exists even if all the factors do not point in the same direction. Id. at 469, 471. The Enterprise factors are not meant to be exhaustive and should not be "blindly applied." Id. at 469. Other "indicia of 'significant control'"

which "do [ ] not fall neatly within one of the [four] factors," may be persuasive. Id. at 469-470. And while the level of control must be "significant," it need not be direct. Id. at 468 (citing NLRB v. Browning-Ferris Indus. of Pa., Inc., 691 F.2d 1117, 1124 (3d Cir. 1982)).

In this case, Rankin addresses the issue of joint employment in paragraph 7 of the Amended Complaint. ECF No. 46 ¶ 7. There, he simply alleges, in a single sentence, that "[a]t all times relevant hereto, Defendants collectively constituted a Single Employer and/or Joint Employer of Mr. Rankin." Id. The Complaint does not address any of the factors enumerated in In re Enterprise, and simply makes general references to "Defendants."

To the extent that Rankin asserts in his brief that Black Diamond's private equity sponsorship of PTC is sufficient, those allegations are not set forth in the Amended Complaint, and thus are not properly before the Court. Further, common ownership or membership in a common enterprise is insufficient to show that an entity is a joint employer. Davis, 2012 WL 3206030, at *5 ("These Defendants cannot be held liable merely because they have common ownership or are otherwise part of a common enterprise wherein some entities are employers of the named Plaintiffs."). Instead, the minimal factual averments in the Amended Complaint fail to move Rankin's claim that Black Diamond is his joint employer from conceivable to plausible. See Twombly, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

Accordingly, the Court finds that Plaintiff has not pleaded the requisite allegations to establish that Black Diamond is a joint employer for purposes of an FLSA retaliation claim. Therefore, the Motion to Dismiss for failure to state a claim is granted.

## IV. CONCLUSION

For the foregoing reasons, Black Diamond Capital Management LLC's Motion to Dismiss, ECF No. 48, is GRANTED IN PART and DENIED IN PART. The Motion to Dismiss for lack of jurisdiction is DENIED and the Motion to Dismiss for failure to state a claim is GRANTED.

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236. Because the Court is unable to conclude that Rankin would be unable to allege sufficient facts to establish a joint employer relationship, Rankin is granted leave to amend to file a Second Amended Complaint to specifically address the Enterprise joint employer factors, if possible.

An appropriate order follows.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: May 31, 2022

cc: All counsel of record by Notice of Electronic Filing