IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS P. RANKIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PTC ALLIANCE LLC, BLACK DIAMOND )<br>CAPITAL MANAGEMENT, LLC, *and* )<br>CARY M. HART )<br>)<br>Defendants. ) | Civil Action No. 21-1321<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 55 |

## **MEMORANDUM ORDER**

Presently before the Court is "Defendant Black Diamond Capital Management, LLC's Objections to Magistrate Judge's Order Denying Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2)." ECF No. 55. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF Nos. 38, 39, and 44. Accordingly, the Court construes the Objections as a motion for reconsideration. ECF No. 56. For the following reasons, reconsideration is denied.

It is well settled that reconsideration is properly granted in limited situations:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d 669, 677 (1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010); see also, United States v. Kubini, 304 F.R.D. 208, 211 (W.D. Pa. 2015). A motion for reconsideration is not

an appropriate mechanism to "attempt to convince the [C]ourt to rethink a decision it has already made." See Williams v. Standard First Ins. Co., 892 F. Supp. 2d 615, 624 (M.D. Pa. 2012) (citation omitted). Nor may it be used to "raise new arguments or present evidence that could have been raised prior to the entry of judgment." See Coulter v. Unknown Prob. Officer, No. 12-cv-2067, 2013 WL 3863938, at *2 (M.D. Pa. July 24, 2013) (citation omitted), aff'd, 562 F. App'x 87 (3d Cir. 2014). Motions for reconsideration are to be granted sparingly. Id.

Black Diamond asserts that reconsideration is properly granted due to manifest error in the Court's conclusion that Plaintiff Thomas Rankin has established a prima facie case of personal jurisdiction and, therefore, that dismissal pursuant to Fed. R. Civ. P. 12(b)(2) is not warranted. For this proposition, Black Diamond looks only to the absence of evidence that it is an alter ego of Defendant PTC Alliance, LLC, and contends that the happenstance of common directors is insufficient to permit the Court to exercise jurisdiction over it. ECF No. 55. However, the Amended Complaint makes clear that Rankin is pursuing a retaliation claim against Black Diamond as a joint employer under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

"Joint employer" liability in and of itself does not form a basis for personal jurisdiction. Thus, the Court's exercise of personal jurisdiction must be predicated upon Black Diamond's conduct directed at this forum. The Court examined Rankin's allegations and evidence of Black Diamond's direct contacts with the forum including emails and an affidavit that reflect Black Diamond's exercise of control over human resources decisions and its intentional conduct in relation to Rankin's retaliation claims. Based on the evidence presented, the Court concluded that Rankin established a prima facie case of jurisdiction pursuant to the "effects test" set forth in Calder v. Jones, 465 U.S. 783 (1984).

Ultimately, Rankin "must establish by a preponderance of the evidence, either at a pre-trial hearing or at trial, that the exercise of personal jurisdiction over the moving party is proper." In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig., 735 F. Supp. 2d 277, 307 (W.D. Pa. 2010), aff'd, 683 F.3d 462 (3d Cir. 2012) (quoting Joint Stock Soc. v. Heublein, Inc., 936 F. Supp. 177, 193 (D.Del.1996) (internal citations omitted)). At this early stage of the litigation, however, Black Diamond offers no basis for reconsideration of the Court's determination that Rankin has established a sufficient basis for the exercise of personal jurisdiction.

Accordingly, this 7th day of July 2022, upon consideration of "Defendant Black Diamond Capital Management, LLL's Objections to Magistrate Judge's Order Denying Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2)," construed as a motion for reconsideration, and the response in opposition thereto, and for the reasons set forth above, IT IS HEREBY ORDERED that reconsideration is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF