IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS P. RANKIN, | ) |
| Plaintiff, | ) Civil Action No. 21-1321 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 113 |
| PTC ALLIANCE LLC and CARY M. HART | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Thomas P. Rankin ("Rankin") brings this action against his former employer PTC Alliance LLC ("PTC") and PTC's chief executive officer Cary M. Hart ("Hart") (collectively, "Defendants"). Through his Second Amended Complaint, Rankin asserts that Defendants unlawfully terminated his employment in violation of the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3). ECF No. 58.

Pending before the Court is Defendants' Motion to Certify Order for Interlocutory Appeal. ECF No. 113. For the reasons that follow, the motion will be granted.

**I.   RELEVANT PROCEDURAL HISTORY**

Under the FLSA, it is illegal to "discharge ... any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter...." 29 U.S.C. § 215. On September 28, 2023, this Court issued a Memorandum Opinion and Order that in relevant part denied Defendants' Motion for Summary Judgment. ECF Nos. 108

1

and 109. The Court concluded that genuine disputes of material fact precluded the entry of judgment in Defendants' favor.[1] Id.

On October 31, 2023, Defendants filed the pending motion to obtain immediate review of a "controlling issue of law" – whether Rankin's wage-related complaints are protected conduct under the FLSA – along with a brief in support. ECF Nos. 113 and 114. Defendants assert that the Court erred when it failed to limit the scope of protected conduct under the FLSA as construed by the United States Court of Appeals for the First, Fifth, and Tenth Circuits. In those circuits, an employee must "step outside" the role and duties he or she was hired to perform to engage in protected conduct. Id. (citing McKenzie v. Renberg's Inc., 94 F.3d 1478 (10th Cir. 1996), Hagan v. Echostar Satellite, L.L.C., 529 F.3d 617 (5th Cir. 2008), and Claudio-Gotay v. Becton Dickinson Caribe, Ltd, 375 F.3d 99 (1st Cir. 2004)). Because Rankin was the Director of Human Resources, Defendants contend that his internal complaints related to the improper classification of employees cannot qualify as protected conduct. Id.

Rankin opposes the instant motion. He argues that the Court properly held that his wage-related complaints are protected by the FLSA and, in the alternative, if the "manager rule" applies, issues of fact preclude a piecemeal appeal. ECF No. 117. Rankin contends that based on precedential opinions issued by the United States Court of Appeals for the Third Circuit, including Uronis v. Cabot Oil & Gas Corp., 49 F.4th 263, 268 (3d Cir. 2022), the Court correctly determined that the "manager rule" is unsupported by the text and purpose of FLSA's anti-retaliation provision, which extends protection to "any employee" bringing "any complaint" sufficient to give an employer notice of an actionable FLSA violation. ECF No. 117.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 38 and 39.

2

## II. DISCUSSION

### A. Standard of Review

The factors to be considered by the district court in deciding whether to grant a motion for certification of an order interlocutory appeal are set forth in 29 U.S.C. § 1292(b).

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

The decision to certify an order for interlocutory appeal is within the Court's discretion, and the "the burden is on the movant to demonstrate that a 1292(b) appeal is warranted." Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 320 (E.D. Pa. 1994) (citation omitted). The moving party must "demonstrate that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment.'" Douris v. Schweiker, 229 F. Supp. 2d 391, 407-08 (E.D. Pa. 2002) (quoting Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1112 (E.D. Pa. 1992)).

Thus, the issues to be determined are: (1) whether the order involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1973). Defendants must establish that all three of these factors are met. Id. Even if all three factors are satisfied the Court still may deny certification in its discretion. L.R. v. Manheim Twp. Sch. Dist., 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008).

3

## B. Controlling Issue of Law

A controlling question of law is one in which, either: (1) "if erroneous, would be reversible error on final appeal," or (2) is "serious to the conduct of the litigation, either practically or legally." Katz, 496 F.2d at 755; see also FTC v. Wyndham Worldwide Corp., 10 F. Supp. 3d 602, 633 (D.N.J. 2014). However, "'[c]ertification to appeal [an] interlocutory order is inappropriate when the underlying order involve[s] mixed questions of law and fact because Section 1292(b) was not designed to secure appellate review of factual matters.'" Id. (alterations in original) (quoting In re Fasteners Antitrust Litig., No. 08-1912, 2012 WL 3194377, at *3 (E.D. Pa. Aug. 6, 2012)).

Here, the Court finds that whether an employee is required to "step outside" his role to engage in protected conduct under the FLSA is a controlling issue of law in both a practical and legal sense. It is undisputed that Rankin served as PTC's Director of Human Resources and in that capacity, he reviewed job classifications and FLSA compliance. Rankin contends that he repeatedly raised and objected to PTC's FLSA violations with PTC's general counsel, assistant general counsel, PTC's chief executive officer, and PTC's "hotline" in the days, weeks, and months before his termination. ECF Nos. 106 ¶ 71; 99-2 ¶ 13; 99-3 at 27-39; 94-1 at 25, 36-39; and 99-1 ¶ 37. Those internal complaints form the basis of Rankin's FLSA retaliation claim.[2] Should the Third Circuit adopt the "manager rule" of the First, Fifth and Tenth Circuits as urged by Defendants, Rankin's internal complaints will not qualify as protected activity under the FSLA, and he cannot maintain this action. However, if the Third Circuit continues to decline to adopt the "manager rule" in the context of the FLSA's anti-retaliation provision, Rankin's retaliation claim

---

[2] It is undisputed that Defendants were not aware that Rankin lodged external complaints with federal agencies in the days before his termination. Thus, these complaints do not raise material issues of fact that would preclude entry of summary judgment if the Third Circuit adopts the "manager rule."

4

will go to trial. As such, this factor favors granting the motion to certify the issue for interlocutory appeal.

### C. Substantial Ground for Difference of Opinion

In Glover v. Udren, No. 08-cv-990, 2013 WL 3072377 (W.D. Pa. June 18, 2013), the Court reviewed the criteria to determine whether a substantial ground for difference of opinion is presented.

> The section 1292(b) "substantial ground for difference of opinion" standard is met "when there is genuine doubt or conflicting precedent as to the correct legal standard applied in the orders at issue." Bush v. Adams, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009) (citing Bradburn Parent Teacher Store, Inc. v. 3M (Minn. Mining & Mfg. Co.), 2005 WL 1819969, at *2 (E.D. Pa. Aug. 2, 2005)). Mere disagreement with the district court's ruling does not suffice. Snook v. Penn State Geisinger Health Plan, 2002 WL 34463156, at *5 (M.D. Pa. March 4, 2002) ("[w]hile the [plaintiffs] may not be content with our ruling, their unhappiness, without more, is no basis to allow an appeal"). The difference of opinion must involve "one or more difficult and pivotal questions of law not settled by controlling authority[,]" Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) and the party has the burden of showing the "different courts have issued conflicting and contradictory opinions when interpreting a particular question of law." Miron v. Seidman, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006). See also Davis v. State Farm Ins., 2013 WL 775524, at *4 (E.D. Pa. March 1, 2013) (denying section 1292(b) certification where plaintiff "put forth virtually no argument as to why there [were] substantial grounds for difference of opinion on the two issues and [had] offered no conflicting or contradictory opinions from other courts.").

Id. at *3.

Defendants point to opinions in other circuits that conflict with this Court's ruling as to whether an employee charged with responsibility for FLSA compliance can maintain a retaliation claim for adverse action. ECF No. 114 at 3-4 (citing McKenzie, 94 F.3d at 1487, Hagan, 529 F.3d at 629, and Claudio-Gotay v. Becton Dickinson Caribe, Ltd, 375 F.3d 99 (1st Cir. 2004)). As this Court observed, these decisions depart from the Third Circuit's broad interpretation of the FLSA, focused on the FLSA's "'animating spirit' in 'applying it to activities that might have not been explicitly covered by the language of'" the provision. Hong Nguyen v. KARAG Ford of

Pittsburgh, LLC, No. 19-986, 2020 WL 6063490, at *4 (W.D. Pa. Oct. 14, 2020) (quoting Dougherty v. Ciber, Inc., 2005 WL 2030473, at *3 (M.D. Pa. July 26, 2005) (in turn quoting Brock v. Richardson, 812 F.3d 121, 123-24 (3d Cir. 1987)). "Moreover, the Court of Appeals for the Third Circuit has stated that 'the key to construing the anti-retaliation provision is the need to prevent employee's fear of economic retaliation for voicing grievances about substandard conditions[.]" Id. (quoting Brock, 812 F.3d at 123-24). See also Uronis v. Cabot Oil & Gas Corp., 49 F.4th at 268.

Considering the conflicting opinions by different courts applying the "manager rule" in the FLSA context, Defendants have met their burden to establish that this factor favors certifying the issue for interlocutory appeal.

### D. Whether an Immediate Appeal Materially Advances the Litigation

"In determining whether certification will materially advance the ultimate termination of the litigation, a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." Orson, 867 F. Supp. at 322.

Defendants assert that if the Third Circuit were to reverse this Court on interlocutory appeal, a trial will not be necessary. The Court agrees that if the "manager rule" is applied to Rankin, his complaints in the months before his termination cannot support an FLSA retaliation claim. Thus, Rankin's assertions to the contrary, while this case is not in the early stages, resolution of the issue will preserve both the parties' and judicial resources. This factor supports certifying the issue for interlocutory appeal.

Upon consideration of each of the three Katz factors, the Court finds that its September 28, 2023 Order "involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Therefore, the Court will grant Defendants' motion for certification and, for substantially the same reasons, will stay this action pending resolution of Defendants' anticipated petition for interlocutory appeal.

### III. CONCLUSION

For the reasons set forth herein, the Court will grant PTC's Motion to Certify Order for Interlocutory Appeal and stay this case pending the disposition of Defendants' anticipated petition for interlocutory appeal.

An appropriate Order follows.

### ORDER

AND NOW, this 5th day of December 2023, upon consideration of Defendants' Motion to Certify Order for Interlocutory Appeal, ECF No. 113, and the briefs filed in support and in opposition thereto, ECF Nos. 114 and 117, and for the reasons set forth in this Memorandum Order, it is hereby ORDERED that the Motion to Certify Order for Interlocutory Appeal is granted.

The following question is CERTIFIED for interlocutory appeal pursuant to 28 U.S.C. § 1292(b):

> Whether the Director of Human Resources must step outside of his duties and role to engage in protected conduct under the anti-retaliation provision of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3)?

IT IS FURTHER ORDERED that this action is STAYED until the United States Court of Appeals for the Third Circuit resolves Defendants' Petition for Interlocutory Appeal.

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All Counsel of Record via CM/ECF