IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS P. RANKIN, | ) | |
| | ) | Civil Action No. 2:21-cv-01321-MPK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| PTC ALLIANCE LLC, and | ) | |
| CARY M. HART, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S AMENDED UNOPPOSED MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE

AND NOW COMES the Plaintiff, Thomas P. Rankin, by and through his attorneys, Steven E. Winslow, Esquire, and Jubelirer, Pass & Intrieri, P.C., and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, hereby files this Amended Unopposed Motion to Approve Settlement Agreement and Dismiss Case With Prejudice and in support thereof avers as follows:

1. Plaintiff initiated this lawsuit on October 4, 2021 (ECF 1), and subsequently filed an Amended Complaint (ECF 46) and Second Amended Complaint (ECF 58).

2. After significant motions practice, discovery, and multiple rulings from this Court, Plaintiff's sole remaining allegation remaining in this case is that Defendants retaliated against him in violation of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3).

3. Defendants PTC Alliance LLC and Cary M. Hart deny retaliating against Plaintiff, and have asserted various affirmative defenses in their Answer to Plaintiff's Second Amended Complaint. See ECF 62.

4. There is therefore a *bona fide* dispute between the Parties regarding Plaintiff's claim.

5.  Notwithstanding the Parties' disagreement over the merits of Plaintiff's allegations, the Parties engaged in settlement discussions and negotiations through their respective counsel as well as a mediation in January 2023 with Sally Cimini.

6.  As the Parties previously notified the Court, they have reached a settlement in this case. The terms of this settlement agreement are attached as "Exhibit 1."

7.  Under the current state of the law, it is unclear whether judicial approval of settlements of individual claims under the FLSA is required. *See Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982) (finding that judicial approval of settlements of individual claims under the FLSA is required); *see also Martin v. Spring Break Productions*, 668 F.3d 247 (5th Cir. 2012) (finding that judicial approval of settlements of individual claims under the FLSA is not required if there is a bona fide dispute as to liability); *see also Alcantara v. Duran Landscaping*, 2022 U.S. Dist. LEXIS 122552 (E.D. Pa. July 12, 2022) (finding that judicial approval of settlements of individual claims under the FLSA is permissible, but not required).

8.  The Parties have therefore agreed to seek judicial approval of the Parties' settlement and dismissal of the action with prejudice.

9.  To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

10. Plaintiff and Plaintiff's counsel have thoroughly investigated and vigorously litigated Plaintiff's claim for more than two years.

11. The Parties have exchanged written discovery, produced documents, and taken multiple depositions.

12. As discussed above, whether Defendants retaliated against Plaintiff and whether Plaintiff is entitled to compensation or damages for his alleged claim are vigorously disputed by the Parties.

13. All Parties were represented by experienced legal counsel of their own choosing and the settlement agreement was reached only after arms-length negotiations between the Parties.

14. The costs of continued litigation are potentially significant for all Parties. If not settled, this case would involve, among other possible costs, pre-trial filings, trial, post-trial filings, and likely appeals. Settlement now will conserve substantial time, expense, and judicial resources. Settlement allows both Parties to avoid further legal expenses if the case proceeded to trial and potential appeals.

15. The Settlement Agreement contains no provisions that would be contrary to the purposes of the FLSA or frustrate the implementation of the FLSA in the workplace.

16. The Parties have agreed to settle this dispute through the execution of a Settlement Agreement and to stipulate to the dismissal of the action with prejudice. While Defendants do not admit liability or wrongdoing, the Parties agree that the terms of their Settlement Agreement represent a fair and reasonable resolution of their bona fide dispute and a full and final settlement of Plaintiff's lawsuit.

17. Plaintiff is fully satisfied with the terms of the settlement agreement and wishes to dismiss his claim with prejudice pursuant to the terms of the settlement agreement.

18. Plaintiff's Counsel will receive $10,000.00 in attorneys' fees and $4,565.98 in cost reimbursements under the Settlement Agreement. (Exhibit 2, at ¶ 2).

19. The attorneys' fees and costs provided for Plaintiff's Counsel under the Settlement Agreement are fair and reasonable to Mr. Rankin under either a percentage of recovery analysis of

attorneys' fees and costs or a lodestar analysis of attorneys' fees and costs. (Exhibit 2, at ¶¶ 2 – 7). *See Copley v. Evolution Well Servs. Operating LLC*, 2023 WL 1878581, 2023 U.S. Dist. LEXIS 23452 (W.D. Pa. Feb. 10, 2023) (approving attorneys' fees representing one-third of a $2,550,000 gross settlement in a class/collective actions involving claims under the FLSA and PMWA); *see also Devlin v. Ferrandino & Son, Inc.*, 2016 WL 7178338, 2016 U.S. Dist. LEXIS 170823 (E.D. Pa. Dec. 9, 2016) (approving attorneys' fees representing one-third of a $1,550,000 gross settlement in a class/collective action involving claims under the FLSA and PMWA); *see also Kapolka v. Anchor Drilling Fluids USA*, 2019 U.S. Dist. LEXIS 182359, 2019 WL 5394751 (W.D. Pa. Oct. 22, 2019) (approving an award of attorneys' fees in an FLSA action based upon attorney hourly rates ranging from $400 to $650 per hour); *see also Mozingo v. Oil States Energy Servs.*, 2018 U.S. Dist. LEXIS 158780, 2018 WL 4473345 (W.D. Pa. Sept. 18, 2018) (approving an award of attorneys' fees in an FLSA action based upon attorney hourly rates ranging from $300 to $550 per hour).

20. Defendants do not oppose the relief sought in this Motion.

21. A Proposed Order is being contemporaneously submitted for the Court's consideration.

WHEREFORE, Plaintiff, Thomas P. Rankin, respectfully requests that this Court grant his Amended Unopposed Motion to Approve Settlement Agreement and Dismiss Case With Prejudice thereby approving the Parties' settlement.

Date: June 10, 2024

Respectfully Submitted,

JUBELIRER, PASS & INTRIERI, P.C.

BY: */s/ Steven E. Winslow*
Steven E. Winslow, Esquire
Pa. I.D. # 319437
219 Fort Pitt Boulevard
Pittsburgh, PA 15222
Phone: 412-281-3850
Fax: 412-281-1985
E-mail: sw@jpilaw.com

*Attorney for Plaintiff, Thomas P. Rankin*